UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THOMAS VALENTINE                                    CIVIL ACTION

v.                                                  NO. 18-6956

UNITED FIRE AND CASUALTY COMPANY, ET AL.            SECTION "F"

ORDER AND REASONS

Before the Court is the issue of subject matter jurisdiction. Mindful of its "independent obligation to determine whether subject-matter jurisdiction exists[,]" the Court ordered simultaneous briefing addressing whether the amount in controversy prerequisite to diversity jurisdiction is met in this case. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 506-07 (2006)(citation omitted)(This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment."). For the reasons that follow, the Court finds that the case must be remanded for lack of subject matter jurisdiction.

**Background**

This personal injury lawsuit arises out of an alleged hit and run accident on November 11, 2017 on Third Street in New Orleans,

1

Louisiana, when a Freightliner allegedly struck a parked Ford F150 and left the scene.

B P Excavating & Trucking, Inc., a company owned by Billy Pounds, was doing demolition work at a construction site at 2113 Third Street in New Orleans on November 11, 2017. Pounds was leaving the site on Third Street while driving a Freightliner truck, which his company owned and which was insured by United Fire and Casualty Company. As Pounds was driving away from the site, the Freightliner he was driving struck a legally parked and unoccupied 2003 Nissan. At this same time, Thomas Valentine claims he was sitting in his 2001 Ford F-150, which was parked "next to" the unoccupied Nissan, and that the Freightliner hit his parked truck after hitting the Nissan. Valentine claims that Pounds then left the scene. Valentine claims he then notified the owner of the Nissan and called the New Orleans Police Department to investigate, which they did, arriving to the scene hours later.

Mr. Valentine sued United Fire and Casualty Company, B P Excavating & Trucking, Inc., and Billy Pounds in state court, seeking to recover for the damage he says the collision caused to his truck and his person. He alleged that he "sustained severe and disabling injuries to his body and mind, including but not limited to neck, and back" and that he has incurred medical

expenses. The parties now agree that Valentine does not seek lost wages or future lost earnings.

The defendants dispute liability, medical causation, and damages. No witnesses (except Valentine himself) place Valentine or his truck at the scene. Despite complaints of "severe and debilitating injuries," Valentine first sought medical treatment 17 days after the alleged accident presenting to Dr. Ashfaq Qureshi at Louisiana Primary Care Consultants. He has undergone soft tissue treatment. Valentine has not been treated since November 15, 2018 for any injuries he allegedly suffered in the accident. Valentine claims to have incurred $7,650 in medical expenses related to the accident.

United Fire and Casualty Company removed the lawsuit to this Court on July 24, 2018, invoking this Court's diversity jurisdiction. The plaintiff never moved to remand his case to state court. After the defendants answered the lawsuit, the Court conducted a scheduling conference and issued a scheduling order, selecting a July 25, 2019 pretrial conference date and an August 12, 2019 jury trial date. Discovery has closed, no party has filed any dispositive motions, and no parties contemplate filing any motions.

In the jointly-filed pretrial order proposed by counsel, the parties submit that the Court has diversity jurisdiction because the parties are diverse and that "while defendants admits (sic) neither liability nor any element of damages, the amount in controversy herein reasonably could exceed $75,000." During the pretrial conference, the Court raised the issue of its jurisdiction and issued an order to show cause as to why this case should not be remanded due to the absence of diversity jurisdiction for failure to satisfy the amount in controversy requirement. Mindful that "[l]itigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent[,]" Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 802 (5th Cir. 2011), the Court now considers whether it has jurisdiction.

I.

*A.*

The removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in

favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).[1]

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). The only dispute here is whether the amount-in-controversy requirement is met.

If the plaintiff alleges a specific dollar amount in his state court pleading, the amount pled "controls in good faith." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). But, in Louisiana, the law forbids a plaintiff from including a "specific amount of damages" in his prayer for relief. La. Code Civ. Proc.

---

[1] Cf. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 554 (2014)("We need not here decide whether ... a presumption [against removal] is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA[.]").

5

art. 893.² Consistent with Louisiana law, Valentine's state court petition does not seek a specific sum of damages. Where, as here, the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). However, if the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the

---

² But, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts[,]" then "a general allegation that the claim...is less than the requisite amount is required." Id.

original complaint. Asociación Nacional de Pescadores a Pequeña Escala O Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999). If the removing defendant cannot show that the amount in controversy is facially apparent, it must "set[] forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298.

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal [or remand]."). Thus, absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

To resolve an amount-in-controversy dispute, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno, 276 F.3d at 723 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)); Louisiana v. American Nat'l Prop. Cas. Co., 746 F.3d 633, 636-37 (5th Cir. 2014)(citations omitted) ("jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction").

## II.
### A.

It is not facially apparent from the state court petition that the plaintiff's damages exceed the jurisdictional minimum amount of $75,000, exclusive of interest and costs. In the petition, the plaintiff alleges that he was sitting in his parked car when the defendants' vehicle "violently rammed into Petitioner's vehicle and the vehicle next to causing damage to Petitioner's property, mind and body." Valentine alleges that he suffered "severe and disabling injuries to his body and mind including, but not limited to neck, and back." He goes on to list generic, boilerplate categories of damages. The vague, formulaic allegations in the petition do not suggest the severity of

8

Valentine's injuries, whether he was hospitalized, or whether any treatment or surgery was recommended. Conclusory allegations devoid of factual content simply fail to indicate what amount might be in controversy. See Michael v. Blackhawk Transport, Inc., No. 19-193, 2019 WL 549610, at *2 (E.D. La. Feb. 11, 2019)(Africk, J.). The face of the state court petition thus offers no guidance as to the actual monetary amount of damages Valentine has or will incur. See id. (citations omitted).[3]

*B.*

Because it is not facially apparent from the petition that the plaintiff's damages exceed $75,000, the Court considers whether the removing defendants have met their burden of submitting facts in controversy that support a finding that the plaintiff's damages likely exceed $75,000. They have not.

---

[3] See, e.g., Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850-52 (5th Cir. 1999) (not "facially apparent" that damages would exceed $75,000 because "complaint alleged, with little specificity, damages from less severe physical injuries . . . and did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability"); Johnson v. Petsmart, Inc., No. 16-3448, 2017 WL 360265 (E.D. La. Jan. 25, 2017) (jurisdictional amount in controversy not facially apparent where plaintiff's petition alleged "injuries to his 'neck, back, head, and other parts of his body'" and claimed "damages for pain and suffering, mental anguish, and loss of enjoyment of life, and medical expenses"). Categories without substance do not inform quantum.

The defendants advance three arguments to support their contention that the amount in controversy "could reasonably exceed $75,000." First, the defendants point to the plaintiff's allegations that he sustained "severe and disabling injuries" coupled with medical records indicating that the plaintiff underwent CT scans and was seen by doctors recommending "selective injections" to relieve neck and back pain. Second, the defendants urge the Court to consider the amount Valentine has incurred in medical costs, $7,650, in the context of examples from case literature in which plaintiffs who suffered back, neck, and other injuries recovered more than $75,000. Third, the defendants note that the plaintiff has not filed a binding stipulation or affidavit renouncing his right to accept a judgment exceeding $75,000. The defendants' submission simply falls short of satisfying their preponderance burden.

First, sifting through the medical records submitted by the defendants, the Court fails to appreciate how the various ailments referenced are causally linked to the alleged accident -- for example, the medical records indicate ailments ranging from the presence of bullet fragments to "generalized moderately advanced degenerative cervical disc disease" -- or how Valentine's prognosis or prescription of conservative treatment might bear on the quantum at stake in this particular litigation.

Second, the Louisiana personal injury cases invoked by the defendant do not advance the jurisdictional inquiry here. In the cases cited, the plaintiffs were awarded more than $75,000 for injuries of varying nature and extent; in three of the four cases invoked by the defendants, surgery was recommended. This sampling does little more than suggest that certain categories of personal injury damages could potentially result in a damage award exceeding $75,000. But, like the plaintiff's boilerplate damage allegations in his state court petition, the defendants fail to show how the damage awards issued after a trial on the merits inform the jurisdictional inquiry on quantum here. See Betemps v. Dolgencorp, LLC, No. 16-17647, 2017 WL 3327980, at *3 (E.D. La. Aug. 4, 2017)(Brown, C.J.)("other damage[] awards based on highly individualized facts and determined after trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists."). Speculation regarding general damages that the plaintiff could recover is insufficient to establish subject matter jurisdiction.

Considering the medical records submitted and the distinguishable cases invoked by the defendants, the Court finds that the defendants have failed to satisfy their preponderance burden by setting forth facts in controversy that support a finding

of the requisite amount in controversy. The Court underscores that the preponderance standard governs this inquiry. See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)(district court erred in concluding that damages "could well" exceed the jurisdictional threshold).[4]

Finally, that the plaintiff has not filed a binding stipulation renouncing his right to accept a judgment exceeding $75,000 is not a determinative factor in deciding whether remand is appropriate. The absence of a binding stipulation does not obviate the defendants' burden of proof: only if the defendants satisfy their preponderance burden does the plaintiff become obliged to show as a matter of law that he will not be able to recover damages greater than the jurisdictional threshold. See Richey v. Wal-Mart Stores, Inc., 390 Fed.Appx. 375, 379 (5th Cir. 2010)(citing De Aguilar, 47 F.3d 1404 at 1411). At best, the plaintiff's failure to file into the record a binding renunciation

---

[4] Here, the defendants submit that the amount in controversy "could reasonably exceed $75,000." But imposing a preponderance burden means that the removing defendants must show more than that the plaintiff *could* recover more than $75,000. See De Augilar, 47 F.3d at 1411 ("The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled."). The defendants' iteration resembles the "could well" standard the court in Allen rejected as "more like a 'possibility' standard of proof." Allen, 63 F.3d at 1335.

12

is but one of several factors to consider in determining whether the jurisdictional amount in controversy requirement is met. See Franklin v. Tom Hassel Transport, Inc., No. 19-2228, 2019 WL 2755093, at *3 (E.D. La. July 2, 2019)(Milazzo, J.)(citations omitted).

Given that the defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, IT IS ORDERED: that this case is hereby remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, August 1st, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE